**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0011-17T2

MICHAEL A. D'ANTONIO,

     Plaintiff-Appellant,

v.

RETAINED REALTY, INC.
NETWORK TRUCKING, and
BERGEN COUNTY SHERIFF'S
DEPARTMENT,

     Defendants-Respondents,

and

PATRICIA EGAN,

     Defendant.

_____

Submitted January 24, 2019 – Decided February 11, 2019

Before Judges Reisner and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4562-15.

Michael A. D'Antonio, appellant, pro se.

The Weir Law Firm, LLC, attorneys for respondent Retained Realty, Inc. (Richard A. Epstein, on the brief).

George W. Wright & Associates, attorneys for respondent Network Trucking (Narinder S. Parmar, on the brief).

The Law Offices of Richard Malagiere, PC, attorneys for respondent Bergen County Sheriff's Department (Leonard E. Seaman, of counsel and on the brief).

PER CURIAM

Plaintiff Michael A. D'Antonio appeals from a February 21, 2017 order granting summary judgment in favor of defendants Retained Realty, Network Trucking, and the Bergen County Sheriff's Department. He also appeals from an April 7, 2017 order denying reconsideration. Our review of the summary judgment order is de novo. Globe Motor Co. v. Igdalev, 225 N.J. 469, 479 (2016). We review the denial of reconsideration for abuse of discretion. Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996). After reviewing the record, we find no legal error in the summary judgment order and no abuse of discretion in the order denying reconsideration. We affirm substantially for the reasons stated in the written opinions issued by Judge Estela M. De La Cruz on February 21, 2017, and April 7, 2017.

The background facts are set forth in detail in Judge De La Cruz's opinion and need not be repeated here. The Chancery Division entered a final judgment

A-0011-17T2

of foreclosure in 2012, and plaintiff's property was sold at a sheriff's sale. The successful bidder assigned the property to Retained Realty, which in turn evicted plaintiff from the foreclosed premises in 2014. In a subsequent Law Division action, plaintiff claimed that some of his property was lost or damaged during the 2014 eviction. Judge De La Cruz dismissed plaintiff's claims and ordered plaintiff to reimburse Retained Realty for the security deposit and rent he wrongfully collected from a tenant after the sheriff's sale. This appeal followed.

In addressing plaintiff's appeal, we first note its limited scope. By order dated January 29, 2018, we specifically barred plaintiff from pursuing an appeal of the 2012 foreclosure judgment, an appeal that would have been years out of time. However, contrary to our order, much of plaintiff's appellate brief focuses on alleged errors in the foreclosure action. Plaintiff's remaining arguments are without sufficient merit to warrant discussion, except as noted in the following brief comments. R. 2:11-3(e)(1)(E).

We agree with Judge De La Cruz that Retained Realty is not liable for alleged wrongdoing by Network Trucking, the independent contractor it hired to move plaintiff's possessions out of the foreclosed premises and into a storage facility. See Bahrle v. Exxon Corp., 145 N.J. 144, 156 (1996). Plaintiff's claims against Network Trucking are barred because he missed the ninety-day statutory

time limit for filing a claim against a moving company. See N.J.S.A. 45:14D-12(b). Plaintiff's claims against Network Trucking for allegedly missing items are also barred by the terms of two releases he signed at the conclusion of the eviction. Plaintiff's Notice of Tort Claim against the Bergen County Sheriff's Office was defective in failing to state the value of the goods allegedly lost or damaged in the move. See N.J.S.A. 59:8-4(f). Plaintiff also failed to present the trial court with legally competent evidence of the value of the allegedly lost or damaged items.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0011-17T2